**G. WARREN BLEEKER, CA Bar No. 210834**
warren.bleeker@wbd-us.com
**KYLE W. KELLAR, CA Bar No. 294253**
kyle.kellar@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
**655 N. Central Ave., Suite 2300**
**Glendale, CA 91203-1445**
**Tel:  (626) 795-9900**
**Fax:  (626) 577-8800**

Attorneys for Plaintiff
BOBRICK WASHROOM EQUIPMENT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBRICK WASHROOM EQUIPMENT, INC., a California Corporation,<br><br>       Plaintiff,<br><br>    vs.<br><br>Y.STERN ENGINEERING (1989) LTD., A/K/A STERN ENGINEERING LTD., A/K/A STERN ENGINEERING 1989, A/K/A STERN FAUCETS, an Israeli Corporation; and DOES 1-9,<br><br>       Defendants. | Case No. 2:25-cv-00971<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**ACTION SEEKING NATIONWIDE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

127298573.4

Plaintiff Bobrick Washroom Equipment, Inc. ("Bobrick" or "Plaintiff") through its undersigned counsel, brings this action against Defendant Y.Stern Engineering (1989) Ltd., A/K/A Stern Engineering Ltd., A/K/A Stern Engineering 1989, A/K/A Stern Faucets, an Israeli Corporation, and DOE Defendants 1-9 ("Stern" or "Defendants"). In support of the Complaint, Bobrick alleges as follows:

## THE PARTIES

1.      Plaintiff Bobrick is a California corporation headquartered in North Hollywood, CA. Bobrick is recognized as an industry leader in well-designed, value-oriented washroom accessories and toilet partitions. Some of the world's most renowned companies and institutions rely on Bobrick solutions to reinforce their brand, reduce long-term operating costs and position their organizations for a successful future.

2.      On information and belief, Defendant Stern is an Israeli corporation with its headquarters in Israel.

3.      Out of an abundance of caution, to the extent Bobrick has not named the specific correct corporate entity, Bobrick also asserts claims against DOES 1-9.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement pursuant to 35 U.S.C. § 271 *et seq*. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendants because, on information and belief, they have conducted and continue to conduct substantial business in the State of California, including in this judicial district.

6.      Further, on information and belief, Defendants, directly and through subsidiaries and/or intermediaries (including distributors, retailers, and other agents), have committed and continue to commit acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this District, elsewhere in California, and the United States.

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

-1-

7.     Further, on information and belief, Defendants have annual sales of products in the U.S. (including in California) totaling nearly $37 million annually.

8.     On information and belief, Defendants' Sales Support Manager resides and works from Thousand Oaks, CA, which is within this District. Moreover, as of the filing of this Complaint, Defendants seek to hire a sales manager for its Southern California territory, further demonstrating their ongoing and substantial business operations in this District.

9.     As such, on information and belief, Defendants purposefully availed themselves of the privilege of conducting business within this District; have established sufficient minimum contacts with this District such that they should reasonably and fairly anticipate being haled into court in this District; have purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

10.     Venue is proper in this Court under at least 28 U.S.C. §§ 1391(b)(2) and 1391(c)(3), because a substantial part of the acts or omissions giving rise to the claim, including Defendants' acts of infringement, have occurred in California, including this judicial district. Further, Defendants are incorporated and headquartered in Israel. The Section 1400(b) patent venue statute is not applicable to a foreign corporation under the binding authority of *Brunette Machine Works, Ltd. v. Kockum Industries, Inc*., 406 U.S. 706 (1972) and *In re HTC Corporation*, 889 F.3d 1349, 1354 (Fed. Cir. 2018).

## FACTUAL BACKGROUND AND NATURE OF ACTION

11.     This is a civil action by Bobrick against Defendants to stop their infringement of at least independent claims 14 and 45, and dependent claims 16, 17 and 18, of its U.S. Patent No. 8,579,157 ("the '157 Patent").

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

12.     Since 1906, Bobrick has been developing and continues to develop various technologies relating to washroom accessories, including an extensive selection of handwashing technologies such as fluid dispensers.

13.     The '157 Patent, titled "AUTOMATED FLUID DISPENSER," was duly issued by the United States Patent and Trademark Office ("USPTO") on November 12, 2013. A true and correct copy of the '157 Patent is attached as Exhibit A.

14.     Bobrick owns by assignment the entire right, title, and interest in and to the '157 Patent.  As the owner of the entire right, title, and interest in and to the '157 Patent, Bobrick possesses the right to sue and to recover for infringement of the '157 Patent.

15.     The '157 Patent is directed to a fluid dispenser.

16.     Bobrick has been selling and continues to sell several products embodying the invention of the '157 Patent, including, *inter alia*, fluid dispensers such as its line of Counter-Mounted Automatic Top-Fill Liquid and Foam Soap Dispensers and the Counter-Mounted Automatic Designer Series™ Top-Fill Liquid and Foam Soap Dispensers.

17.     The '157 Patent includes 47 claims, including independent claims 14 and 45, and dependent claims 16, 17 and 18 which depend directly and/or indirectly on independent claim 14.  Independent claim 14 of the '157 Patent recites:

a fluid dispenser comprising:

a reservoir;

a neck extending from the reservoir defining a conduit there-through leading to said reservoir; and

a spout extending from the neck, said spout comprising a lid and an outlet, wherein the lid is moveable for providing access to said conduit for filling said reservoir with a fluid, wherein the dispenser is mounted to a surface and wherein the spout is above the surface, the reservoir is below the surface, and the neck penetrates the surface.

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

-3-

18.    Independent claim 45 of the '157 Patent recites:

a fluid dispenser comprising:

a reservoir for storing the fluid to be dispensed;

an outlet for dispensing the fluid there-through;

a pump for pumping the fluid to the outlet;

a neck extending from the reservoir defining a conduit in communication with said reservoir, the neck comprising

a threaded outer surface;

a cap threaded to the reservoir and coupling the neck to the reservoir, and

a spout extending from the neck comprising a lid defining a surface of said spout, wherein the lid is moveable for providing access to said conduit, and wherein said reservoir is fillable through said conduit.

19.    Defendants are currently making, using, importing, offering for sale, and/or selling fluid dispensers, which they market as their Lotus Soap Dispenser Series, that infringe the '157 Patent, including at least its Lotus Topfill identified by at least product number 230850 (the "Accused Product"). Defendants' website at https://sternfaucets.com/lotus-topfill-automatic-soap-dispenser/, a true and correct copy of which is attached hereto as Exhibit B, shows and describes the Accused Product.

20.    Defendants' fluid dispensers, including at least those identified by the product number 230850, each have, either literally or under the doctrine of equivalents, all the elements of at least claims 14, 16, 17, 18, and 45 of the '157 Patent as described in the chart attached hereto as Exhibit C and as follows:

(i) Defendants describe the Accused Product on their website as a "deck mounted automatic soap dispenser." The Accused Product appears to be a liquid soap dispenser that is mounted to a surface;

(ii) The Accused Product has a reservoir, including a neck extending from the reservoir defining a conduit there-through leading to the reservoir;

-4-

(iii) The spout of the Accused Products includes a lid and an outlet, wherein the lid can be removably attached to the spout, to provide access to the conduit defined by the neck extending from the reservoir;

(iv) When the Accused Product is mounted to a surface, the spout appears to be above the surface, the reservoir appears to be below the surface, and the neck appears to penetrate the surface;

(v) The lid of the Accused Product appears to define an upper surface of the spout;

(vi) The Accused Product includes a pump for pumping fluid to the outlet.

(vii) The neck of the Accused Product includes a threaded outer surface and a cap, the cap being threaded to the reservoir of the Accused Product and coupling the reservoir to the neck.

21.    Accordingly, Defendants have infringed, and continue to infringe, at least claims 14, 16, 17, 18, and 45 of the '157 Patent by making, using, importing, offering for sale, and/or selling the Accused Product, which embody all of the features of at least claims 14, 16, 17, 18, and 45 of the '157 Patent.

22.    Bobrick contacted Defendants on November 21, 2024, informing them of Bobrick's patent rights in the '157 Patent.  A true and correct copy of the November 21, 2024, letter is attached hereto as Exhibit D.  Since being put on notice of the '157 Patent, Defendants have not ceased offering for sale or selling the Accused Product.

## CLAIM FOR RELIEF

### (Patent Infringement of U.S. Patent No. 8,579,157)

23.    Bobrick incorporates and re-alleges Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24.    The USPTO duly issued the '157 Patent on May 20, 2008.

25.    The '157 Patent is valid and enforceable.

26.    Defendants have infringed and are infringing at least claims 14, 16, 17, 18, and 45 of the '157 Patent, either literally or under the doctrine of

127298573.4

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

1    equivalents, by making, using, importing, offering to sell, and/or selling in the

2    United States the Accused Products.

3        27.    Defendants' infringement of the '157 Patent has injured Plaintiff, and

4    Bobrick is entitled to recover damages adequate to compensate it for Defendants'

5    infringement, which in no event can be less than a reasonable royalty.

6        28.    Upon information and belief, Defendants' infringement was and is

7    willful because Defendants have knowledge of an objectively high likelihood that

8    their actions constituted infringement of a valid patent, and Defendants knew or

9    should have known of such risk when they infringed the '157 Patent.

10       29.    Defendants were put on actual notice of the '157 Patent at least by

11   November 21, 2024 and continue to make, use, import, offer for sale, and sell the

12   Accused Product.  Such infringement is therefore willful.

13       30.    Pursuant to 35 U.S.C. § 284, the Court should award Bobrick treble

14   damages as a result of Defendants' willful infringement.

15       31.    Accordingly, pursuant to 35 U.S.C. § 285, Bobrick is entitled to

16   recover from Defendants its reasonable attorneys' fees and costs incurred in

17   prosecuting this action.

18

19                              **PRAYER FOR RELIEF**

20       WHEREFORE, Bobrick respectfully requests that this Court enter judgment

21   as follows:

22       1.    That Defendants have infringed and are currently infringing the '157

23   Patent;

24       2.    That Defendants' infringement of the '157 Patent has been willful;

25       3.    Entry of a nationwide permanent injunction against further

26   infringement of the '157 Patent;

27

28

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

127298573.4

4. An award of damages adequate to compensate Bobrick for Defendants' infringement of the '157 Patent, including pre-judgment interest and costs;

5. An Order requiring Defendants to account for and pay to Bobrick any and all profits made by Defendants from their sales of the Accused Product pursuant to 35 U.S.C. § 289;

6. An award of all other damages permitted by 35 U.S.C. § 284;

7. A determination that this is an exceptional case within the meaning of 35 U.S.C. § 285 and an award to Bobrick of its costs and reasonable attorneys' fees incurred in this action; and

8. Such other relief as this Court deems just and proper.


Dated: February 4, 2025          Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP


By _____
G. Warren Bleeker
Kyle W. Kellar
Attorneys for Plaintiff
BOBRICK WASHROOM EQUIPMENT, INC.

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

-7-

127298573.4

## **JURY DEMAND**

Plaintiff Bobrick Washroom Equipment, Inc. requests a jury trial of all issues in this action so triable.


Dated:  February 4, 2025          Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP


By _____

G. Warren Bleeker
Kyle W. Kellar

Attorneys for Plaintiff
BOBRICK WASHROOM EQUIPMENT, INC.

127298573.4

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON